**I UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    v.<br><br>GABRIEL CORDERO | No. 3:17-cr-150 (VAB) |

**RULING AND ORDER ON MOTION TO REDUCE SENTENCE**

Gabriel Cordero ("Defendant") has filed a *pro se* motion to reduce his sentence under 18 U.S.C. § 3582(c)(2). Mot. to Reduce Sentence, ECF No. 1184 (Jun. 11, 2024) ("Mot.").

The Government filed a response opposing any reduction of sentence. Response re Motion to Reduce Sentence, ECF No. 1188 (Jun. 14, 2024) ("Opp'n").

For the reasons set forth below, Mr. Cordero's motion to reduce his sentence under 18 U.S.C. § 3582(c)(2) and Amendment 821 is **DENIED**.

### I.   BACKGROUND

On March 24, 2022, Mr. Cordero pled guilty to a lesser-included offense in Count One of the indictment in this case, which charged him with conspiracy to distribute and to possess with intent to distribute 100 grams or more of heroin and 40 grams or more fentanyl in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(l)(B). Minute Entry, ECF No. 888 (Mar. 24, 2022); Plea Agreement, ECF No. 889 (Mar. 24, 2022).

On August 29, 2022, the Court sentenced Mr. Cordero to a term of 135 months imprisonment followed by a term of four years of supervised release. Minute Entry, ECF No. 967 (Aug. 29, 2022); Judgment, ECF No. 969 (Aug. 30, 2022).

On June 11, 2024, Mr. Cordero filed a motion to reduce his sentence under 18 U.S.C. § 3582(c)(2), and Amendment 821 of the U.S.S.G.[1] Mot.

On June 14, 2024, the Probation Office filed a supplement to the presentence investigation report in reference to Mr. Cordero's motion. Presentence Investigation Report (Supplement – Amendment 821), ECF No. 1188 (Jun. 14, 2024) ("PSR Supp.").

On that same date, the Government filed response to Mr. Cordero's motion. Opp'n.

## II.   STANDARD OF REVIEW

Under 18 U.S.C. § 3582(c)(2), "a federal court may reduce a defendant's sentence if the defendant was originally sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission when that modification is made retroactive." *United States v. Elendu*, No. 20-CR-179-14 (DLC), 2024 WL 458643, at *2 (S.D.N.Y. Feb. 6, 2024) (citing *United States v. Martin*, 974 F.3d 124, 136, 139 (2d Cir. 2020)).

Courts must apply a "two-step approach": (1) "determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized,"; and (2) "consider any applicable [18 U.S.C. ] § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *Dillon v. United States*, 560 U.S. 817, 827 (2010)).

A reduction in sentence sought under § 3582(c)(2) is not a "plenary resentencing proceeding[ ]," *Dillon*, 560 U.S. at 827, and courts may not reduce a term of imprisonment under § 3582(c)(2) "to a term less than the minimum term of imprisonment specified by a subsequently lowered Guidelines range (with an exception for defendants who provide substantial assistance to

---

[1] While Mr. Cordero stated that his motion seeks a reduction under 18 U.S.C. § 3582(c)(1)(A), because the stated basis for his motion is "new sentencing guidelines . . . now in place under Amendment 821," Mot. at 1, the Court construes his motion as being brought under Section 3582(c)(2).

the government)." *United States v. Young*, 998 F.3d 43, 46 n.1 (2d Cir. 2021).

## III. DISCUSSION

"Amendment 821 went into effect on November 1, 2023, and was made retroactive by the United States Sentencing Commission." *United States v. Akintola*, No. 21 CR. 472-3 (KPF), 2024 WL 1555304, at *13 (S.D.N.Y. Apr. 10, 2024) (citing U.S.S.G. § 1B1.10(d)). The revised guidelines modified the calculation of "status points" under U.S.S.G. §4A1.1 to determine the defendant's criminal history category. Under the former U.S.S.G. §4A1.1(d), a defendant received two points "if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." U.S. Sent'g Comm'n, Amendments to the Sentencing Guidelines, 88 Fed. Reg. 28,254, 28,270 (May 3, 2023). The revised guidelines removed this section and instead instruct that only one point be added "if the defendant (1) receives 7 or more points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." U.S.S.G. §4A1.1(e).

Mr. Cordero argues that because he was assessed two "status points" under the former section U.S.S.G. §4A1.1(d), his criminal history category has been retroactively decreased, and thus his sentence should be reduced. Mot. at 2.

The Government argues that Mr. Cordero is ineligible for a sentence reduction because his original sentence of 135 months falls below the minimum amended guidelines range, 210 to 262 months, and thus the Court may not reduce his sentence under Section 3582(c)(2). Opp'n at 4.

The Probation Office likewise has stated that while Mr. Cordero would no longer be assessed two status points, he is ineligible for a sentence reduction given that Mr. Cordero's

3

original sentence, 135 months, is below the minimum amended guideline range, 210 months, and cannot be reduced further. PSR Supp. at 2–3.

The Court agrees.

At the time of his sentencing, Mr. Cordero had three prior convictions, one of which was assessed three criminal history points, and he was assessed two additional "status points" under the former U.S.S.G. § § 4A1.1(d) because he was subject to a period of state probation at the time of the offense, resulting in a Criminal History Category of III. Because he had three criminal history points from prior convictions, under the revised guidelines, Mr. Cordero would no longer be assessed any "status points." *See* U.S.S.G. § § 4A1.1(e) ("Add 1 point if the defendant (1) receives 7 or more points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status."). As a result, under the revised guidelines, his Criminal History Category is reduced from III to II, resulting in an imprisonment range of 210 to 262 months.

But "[section] 1B1.10(b)(2) bars district courts from 'reduc[ing] the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and [the Guidelines] to a term that is less than the minimum of the amended guideline range,' except where a defendant previously provided 'substantial assistance' to the government." *United States v. Zapatero*, 961 F.3d 123, 127 (2d Cir. 2020) (quoting U.S.S.G. § 1B1.10(b)(2)(A)–(B) (alterations in original)). Because Mr. Cordero's amended minimum guidelines range is 210 months, and he has not provided "substantial assistance to authorities," U.S.S.G. § 1B1.10(b)(2)(B), the Court may not reduce his sentence below 210 months. Mr. Cordero's original sentence of 135 months thus cannot be reduced under § 3582(c)(2). *See United States v. Mock*, 612 F.3d 133, 137 (2d Cir. 2010) ("Subject to certain exceptions, the

4

policy statement prohibits district courts from reducing the defendant's sentence 'to a term that is less than the minimum of the amended guideline range.' In *Dillon* . . . the Supreme Court agreed with our view that courts 'are bound by the language of this policy statement because Congress has made it clear that a court may reduce the terms of imprisonment under § 3582(c) only if doing so is consistent with applicable policy statements issued by the Sentencing Commission.'" (citing U.S.S.G. § 1B1.10 (b)(2)(A), then *United States v. Williams*, 551 F.3d 182, 186 (2d Cir.2009)).

Accordingly, Mr. Cordero's motion to reduce his sentence will be denied.

### IV. CONCLUSION

For the reasons explained above, Mr. Cordero's motion to reduce his sentence under 18 U.S.C. § 3582(c)(2) and Amendment 821 is **DENIED**.

**SO ORDERED** at New Haven, Connecticut, this 27th day of June, 2025.

　　　　　　　　　　　　　　　　　　　　　/s/ Victor A. Bolden
　　　　　　　　　　　　　　　　　　　　Victor A. Bolden
　　　　　　　　　　　　　　　　　　　　United States District Judge

5